IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                              ) | CRIMINAL ACTION 11-00367-KD-C |
| ) | |
| JAMES ARTHUR HUNTER,              ) | |
| ) | |
|    Defendant.                                  ) | |

**ORDER**

This action is before the Court on the defendant James Arthur Hunter's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the Court's Order directing Hunter to show cause why his motion should not be denied, and Hunter's motion for voluntary dismissal without prejudice (docs. 71, 73, 74). Upon consideration, and for the reasons set forth herein, Hunter's motions (docs. 71, 74) are denied.

Motion for reduction of sentence

Effective November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the United States Sentencing Guidelines. In general, Amendment 782 reduced by two levels the offense level assigned to certain controlled substance quantities in the Drug Quantity Table, U.S.S.G. § 2D1.1(c), and thus lowered the Guideline range applicable to drug trafficking offenses. The Commission has deemed Amendment 782 to apply retroactively. *See* U.S.S.G. § 1B1.10(d). Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's sentence under these circumstances. *See generally United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("[A]mendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c).")[1] (emphasis in original).

---

[1] Section 1B1.10(c) has been renumbered as § 1B1.10(d) by Amendment 782.

Previously, Hunter moved the Court to apply the modified Sentencing Guidelines scheme effectuated by Amendment 782. However, upon review of Hunter's motion, U.S.S.G. § 1B1.10 (b)(2)(A) and Application Note 3, the Court found that Hunter did not appear to be eligible for a sentence reduction.

Hunter pled guilty and was convicted of conspiracy to possess with intent to distribute controlled substances[2] (Count 10) and possession of a firearm in furtherance of a drug trafficking crime (Count 11).   As to Count 10, Hunter's total offense level was 13, his criminal history category was I, and his guideline range was 12 to 18 months. The Court imposed a variance sentence of 1 day, which was below the advisory guideline range. As to Count 11, Hunter was sentenced to the statutory mandatory minimum sentence of 60 months, to serve consecutively to the 1 day sentence imposed for Count 10.

According to the amended guideline calculation by the United States Probation Office, Hunter's revised total offense level is 12 and with a criminal history category of I, his revised guideline range is 10 to 16 months after retroactive application of Amendment 782.   Although Hunter's guideline range would subsequently be lowered by application of Amendment 782, he received a sentence of 1 day, which is less than the minimum of his revised guideline range. Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]" *See also* Application Note 3.

The Court explained that an exception exists if the defendant provided substantial assistance that resulted in a sentence below the original guideline range. In that circumstance,

---

[2]   Hunter was held accountable for hydrocodone, morphine and hydromorphine pills.

the Court may grant a comparable reduction. U.S.S.G. § 1B1.10(b)(2)(B).[3] However, Hunter did not provide substantial assistance and the Court explained that even though Amendment 782 had the effect of lowering Hunter's guideline range, he was not eligible for further reduction. The Court then gave Hunter the opportunity to show cause why the Court should not deny his motion.

Hunter did not respond to the show cause order and therefore did not provide the Court with any grounds for granting his motion for reduction of sentence.    Because the Court is without authority to modify Hunter's sentence pursuant to § 3582(c)(2), the motion is denied. *See United States v. Pierre*, 614 Fed. Appx. 422, 424-425 (11th Cir. 2015) ("The current version of subdivision (B) is the one courts must apply, and it prohibits reducing a sentence below the amended guideline range except when the defendant was originally given a below-guideline sentence for substantial assistance."). Additionally, Hunter reported to the Bureau of Prisons in December 2012 (doc. 69). Therefore, he has served his 1 (one) day sentence as to Count 10, and the Court is without authority to sentence him to a term less than the term of imprisonment he has served. *See* U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.")

<u>Motion for voluntary dismissal without prejudice</u>

Previously, Hunter moved the Court to "preserve" his motion to reduce the statutory

---

[3] Section 1B1.10(b)(2)(A) provides that "[e]xcept as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy   statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Subdivision (B) provides that if the term of imprisonment originally imposed was less than the calculated guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities", then the Court may apply a comparable reduction.

mandatory minimum sentence he received as to Count 11, until the "Sentencing Reform Corrections Act, [Senate] Bill 2123" is passed (doc. 71). The Court denied the motion (doc. 73). Hunter now moves for voluntary dismissal without prejudice of his motion to "preserve" (doc. 74), but the motion has already been denied (doc. 73). However, the denial was without prejudice in that the Court stated that if Senate Bill 2123 becomes law, then Hunter may re-file his motion.

**DONE** and **ORDERED** this the 2nd day of February 2016.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**